UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IVORY POWELL, | ) | CASE NO. 4:15-cv-408 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| R. HANSON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion of respondent to dismiss/deny this habeas corpus action. (Doc. No. 6 ["MTD"].) Petitioner has opposed the motion (Doc. No. 7 ["Opp'n"].) For the reasons that follow, the motion to dismiss/deny the petition is not well taken.

**I. BACKGROUND**

Ivory Powell ("Powell" or "petitioner"), a federal prisoner, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the computation of his sentence by the Bureau of Prisons ("BOP"). (Doc. No. 1 ["Petition"].) Petitioner asserts that he exhausted his administrative remedies before filing the petition, and respondent does not challenge that assertion. *Wesley v. Lamanna*, 27 F. App'x 438, 438-39 (6th Cir. 2001) ("Although not a statutory requirement, it is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition

under § 2241.") (citing *Gonzalez v. United States,* 959 F.2d 211, 212 (11th Cir. 1992)). The Court ordered respondent to file an answer to the petition and show cause why the petition should not be granted. (Doc. No. 5.) Respondent did not answer, but filed the motion to dismiss now pending before the Court.

The underlying facts of this case are not in dispute. Petitioner was arrested on December 13, 2005 by non-federal law enforcement officers in Cincinnati, Ohio, and charged with the state offense of aggravated robbery, Case No. B0512281. (*See* Doc. No. 6-2 (Declaration of J.R. Johnson ["Johnson Dec."]) ¶ 6(a) (referencing Presentence Investigation Report ("PSR") at p. 6, ¶ 17).) On August 24, 2006, Powell was sentenced in the Hamilton County, Ohio, Court of Common Pleas to a term of 8 years for aggravated robbery with a firearm specification. As part of his state sentence, Powell received 258 days of jail time credit. (*Id.* ¶ 6(b) (referencing PSR at 6, ¶ 17 and State Judgment and Commitment Order); *see also id.* ¶ 18(c).)

On January 5, 2007, while Powell was serving his state sentence, the United States District Court for the Eastern District of Kentucky granted the motion of the United States for a federal writ of habeas corpus *ad prosequendum*, directing the United States Marshals Service to "borrow" the petitioner from state authorities for processing on federal criminal charges. (*Id.* ¶ 6(c) (referencing Order Granting Motion for Writ of Habeas Corpus *ad prosequendum*) and ¶ 6(d) (referencing United States Marshals Service, Form 129); *see also id.* ¶ 18(d) and (e).)

On March 7, 2007, while on federal writ, petitioner pleaded guilty to federal criminal charges. (*Id.* ¶ 6(e) (referencing Minute Entry Reflecting Entry of Guilty Plea);

2

*see also id*. ¶ 18(f).) On May 20, 2008, petitioner was sentenced in the United States District Court for the Eastern District of Kentucky to a 48 month term of imprisonment, with a five year term of supervised release to follow, for aiding and abetting in the use of a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c) and (2). The federal sentencing court directed that Powell serve 12 months of his term concurrently with his 8 year state sentence, and 36 months of his term consecutively to his state sentence. (*Id*. ¶ 6(f) (referencing Federal Judgment and Commitment Order); *see also id*. ¶ 18(g).) On May 29, 2008, petitioner was returned to the state/local authorities in satisfaction of the federal writ. (*Id*. ¶ 6(g) (referencing United States Marshals Form 129, p. 2); *see also id*. ¶ 18(e).)

On November 22, 2013, petitioner was released by state authorities to federal authorities, but the state continued running petitioner's state sentence until December 3, 2013. (*Id*. ¶ 6(h) (referencing Acknowledgment of Requirement to Retain Inmate In Custody Until Expiration of Sentence); *see also id*. ¶ 18(h).)

The BOP computed Powell's federal sentence as follows:

The Bureau of Prisons computed Mr. Powell's 48 month federal sentence as commencing on January 8, 2013. The federal sentence commencement date was determined by calculating 12 months backward from November 22, 2013, the date he was released from his state sentence to the federal detainer, and adding 47 days of good conduct time earned on the 12 month portion of his federal sentence. Assuming he receives all good conduct time available to him under 18 U.S.C. § 3624(b), his projected satisfaction date is July 3, 2016. (Federal Sentence Computation; Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984)).

(*Id.* ¶ 6(i); *see also id*. ¶¶ 7-12.)

## II. DISCUSSION

**A. Standard of Review**

The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas petitions under 28 U.S.C. § 2241. *See Williams v. Holloway*, Case No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016); Habeas Rule 1(b). The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus . . . to the extent that the practice in those proceedings: (A) is not specified in a federal statute, [or] the Rules Governing Section 2254 Cases . . . ; and (B) has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4)(A)-(B). Rule 81 is mirrored by Habeas Rule 12, which provides that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that those rules are not inconsistent with any statutory provision or the Habeas Rules. *See* Habeas Rule 12.

Petitioner's claim that the BOP has not correctly computed his federal sentence does not involve the legality of his conviction. Therefore, there is no incompatibility with respect to the application of the Federal Rules of Civil Procedure to respondent's motion to dismiss. *See McCarty v. Shartle*, No. 4:07-CV-3120, 2008 WL 2783495, at *3 (N.D. Ohio July 15, 2008).

"[A] court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines a petition fails to establish adequate grounds for relief." *Banks v. U.S. Marshal,* No. 4:13cv490, 2013 WL 3458301, at *2 (N.D. Ohio July 9, 2013) (citing *Hilton v. Braunskill,* 481 U.S. 770, 775, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)) (further citation omitted). A court should not grant a motion to dismiss

4

"'unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *See Strbac v. Sniezek,* No. 4:06CV2321, 2007 WL 1544782, at *2 (N.D. Ohio May 24, 2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

On a motion to dismiss, a court must accept all "well-pleaded allegations" as true and should construe the facts in a light that is most favorable to the non-movant. *Strbac,* 2007 WL 1544782, at *2 (citing *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993)). A court is not, however, required to "'accept as true legal conclusions or unwarranted factual inferences.'" *Id.* (quoting *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987))*; see also Carter v. Shartle,* No. 4:11 CV 1100, 2012 WL 6682119, at *3 (N.D. Ohio Oct. 15, 2012), *report and recommendation adopted by* 2012 WL 6681775 (N.D. Ohio Dec. 20, 2012).

In order to survive a motion to dismiss, the factual allegations in the petition, accepted as true, "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). That standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly,* 550 U.S. at 556).

In addition to considering the allegations set forth in the petition, a court may review "any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *See Bassett v. Nat'l*

5

*Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). The documentation of the BOP's administrative responses to petitioner's complaints attached to his petition, and the public records attached to respondent's brief, may be considered by the Court in connection with respondent's motion to dismiss. *See Kulyk v. Warden, Hocking Corr. Facility*, No. 2:12-CV-643, 2013 WL 1149169, at *2 n.2 (S.D. Ohio Mar. 19, 2013).

**B. Powell's Habeas Corpus Petition Under 28 U.S.C. § 2241**

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus extends to a prisoner "in custody in violation of the Constitution or laws or treatises of the Unites States[.]" A petition for a writ pursuant to 28 USC § 2241 generally arises from "a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). The authority to implement a federal sentence of imprisonment lies with the Attorney General through the BOP. *United States v. Wilson*, 503 U.S. 329, 331, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). Under § 2241, however, the district court may grant relief to a petitioner challenging the computation of his sentence. *Foster v. Zych*, Civil No. 2:09-CV-13661, 2009 WL 3631013, at *2 (E.D. Mich. Oct. 30, 2009) (citing *Wilson,* 503 U.S. at 335 and *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993)).

Powell alleges that his federal sentence was not computed correctly and that he is not receiving federal jail time credit as follows:

> 1) 47 days good time credit for the one year of concurrent federal time which I received and is more fully described in my sentence minutes and federal judgment both of which are incorporated herein by reference.
>
> 2) I was taken into federal custody on January 5, 2007 and remained in custody until May 28, 2008. I did not receive <u>any</u> jail time credit for this.
>
> 3) I was also taken into federal custody on November 21, 2013 and I did not receive jail time credit for the time from November 21, 2013 to January 13, 2014.

(Petition at 5 (emphasis in original) (all capitalization omitted).)

### 1. BOP's computation of Powell's sentence and application of good conduct time

Powell summarizes the first allegation in his petition as follows:

> Mr. Powell is entitled to jail credit from December 4, 2012 through December 3, 2013 pursuant to the Federal Sentence. . . . Mr. Powell was ordered to have 12 months of his Federal Sentence run concurrent with the State Sentence. Therefore, Mr. Powell must also receive the associated Good Conduct Time ["GCT"] associated with the 12 months of concurrent time which equates to 47 days of credit. Mr. Powell's computation sheet provided to him by the BOP does not reflect this GCT.
>
> [A]ll parties acknowledge that . . . Mr. Powell completed his State Sentence on December 3, 2013, then under any analysis the 12 months of concurrent Federal time would commence 12 months before the completion date of the State Sentence which was December 4, 2012. Therefore, from December 4, 2012 to December 3, 2013 (the last year of the State Sentence and first year of the Federal Sentence), Mr. Powell earned 47 days of GCT.

(Petition at 2.)

Essentially, Powell reasons that the commencement date of his federal sentence should be December 4, 2012—one-year prior to the conclusion of his state sentence—and that his good conduct time credit earned during the 12 month concurrent portion of his sentence should not be separately applied to the concurrent portion, but should be applied

7

at the end of his 36 month consecutive sentence.  (Opp'n at 117 ("Subsection 3624(b) . . . states . . . that 'a prisoner . . . shall receive credit toward the service of his sentence . . . of fifty-four days at the end of the first year of the term.' Good conduct time is credited at the end of each year, not at the beginning.") (quoting 18 U.S.C. 3624(b)(1)).)

The BOP determined the commencement date of petitioner's federal sentence, which began with a 12 month concurrent sentence in accordance with the federal sentencing court's order, by going back 12 months from November 22, 2013, then subtracting 47 days for the good conduct time credit earned by petitioner during his concurrent sentence, to arrive at a commencement date of Powell's federal sentence of January 8, 2013. (*See* Johnson Dec. ¶¶ 11-12.) In order to project petitioner's release date after the conclusion of the consecutive 36 month portion of his federal sentence after the State of Ohio relinquished Powell on November 22, 2103, the BOP assumed that petitioner would receive all good time credit available during that 36 month consecutive period, and projects a release date of July 3, 2016. (*Id.* ¶¶ 13-14.)

During the administrative process, the BOP explained the reasons for the application of Powell's good conduct time and calculation of Powell's federal sentence as follows. The federal sentencing court ordered 12 months of petitioner's federal sentence to run concurrently with his state sentence, and 36 months to run consecutively. Therefore, in order to ensure that the proportionate amounts of Powell's sentence were served in a manner that matched the sentencing court's order, the BOP attributed the good conduct time earned from Powell's 12 month concurrent sentence to the concurrent portion of his sentence, and the good conduct time attributable to the 36 month

8

consecutive sentence is separately applied to the consecutive portion of his sentence. (*See* Doc. No. 1-1 (Appeal Response) at 8-9.)

The commencement of petitioner's federal sentence is governed by 18 U.S.C. § 3585(a). "[A]fter a defendant is sentenced, it falls to [the] BOP, not the district judge, to determine when a sentence is deemed to 'commence.'" *United States v. Wells,* 473 F.3d 640, 645 (6th Cir. 2007) (quotation marks and citation omitted); *accord Doan v. LaManna,* 27 F. App'x 297, 299 (6th Cir. 2001) ("[T]he BOP has the authority to determine when a sentence commences."). The application of credit toward service of a sentence by the BOP is governed by 18 U.S.C. § 3624. Congress has delegated responsibility for the computation and administration of federal sentences to the BOP, including application of good conduct credit. Under the appropriate circumstances, the BOP is entitled to deference in carrying out its delegated duties under various analysis, including, for example, *Chevron, U.S.A. v. Nat'l Res. Def. Council*, 467 U.S. 837, 843-44, 104 S. Ct. 2778, 81 L. E. 2d 694 (1984) and *Skidmore v. Swift & Co.,* 323 U.S. 134, 65 S. Ct. 161, 89 L. Ed. 124 (1944). *See e.g., Barber v. Thomas*, 560 U.S. 474, 130 S. Ct. 2499, 177 L. Ed. 2d 1 (2010) (referencing *Chevron* and *Skidmore* regarding the deference due the BOP with respect to 18 U.S.C. § 3624(b)).

There are very few cases that address the methodology used by the BOP under these specific facts of applying good conduct time separately to the concurrent and consecutive portions of a federal sentence where there is a hybrid sentence, and those cases have reached conflicting results. Compare *Hill v. Cowin*, 717 F. Supp. 2d 268 (N.D. N.Y. 2010) (granting petition for § 2241 habeas relief) and *Hood v. Grondolsky*, Civil

Action No. 12-11368-JGD, 2012 WL 6061211 (D. Mass. Dec. 5, 2012) (granting the § 2241 petition), with *Hogge v. Wilson*, No. 3:14CV314, 2015 WL 5799720 (E.D. Va. Oct. 5, 2015) (denying the § 2241 petition) and *Williams v. Maye*, No. 13-3005-RDR, 2013 WL 5291955 (D. Kan. Sept. 19, 2013) (denying the § 2241 petition).

The respondent's brief does not address the developing case law referenced above regarding the BOP's methodology in computing federal sentences and applying good conduct time credit when a hybrid (i.e. partially concurrent and partially consecutive) sentence is imposed. Without the benefit of respondent's analysis of the pertinent statute or statutes, in conjunction with the established and developing applicable case law (and a proper deference analysis), the Court is unable to properly consider the issues raised by the petitioner.

**2. Powell's second and third allegation regarding jail time credit**

While it appears that respondent has moved to dismiss Powell's petition with respect to the second allegation in the habeas petition on the merits (Motion at 36-37), it is unclear whether the petitioner exhausted his administrative remedies with respect to this aspect of his petition. (*See* Petition at 11 ("sole issue" on appeal relates to the 47 days of good conduct time).) However, respondent has not raised the issue of exhaustion in the motion. With respect to the third allegation of Powell's habeas petition, it does not appear to the Court that respondent has moved to dismiss this allegation, nor has respondent raised the issue of exhaustion.

### III. CONCLUSION

For all of the foregoing reasons, the Court finds that respondent has not carried his burden to establish that he is entitled to judgment as a matter of law on Powell's petition. Accordingly, respondent's motion to dismiss Powell's petition for habeas relief pursuant to 28 U.S.C. § 2241 is denied without prejudice.

Respondent shall file an answer to the petition by April 13, 2016. Petitioner may file a reply by May 11, 2016. Because the present briefing indicates that the petitioner's release date may be in the next few months, no extensions will be granted absent extraordinary circumstances.

The parties' briefs shall contain a statement of the facts upon which they rely and, where applicable, make specific references to the record. Briefs shall also contain a statement of the applicable law and citations to relevant case and statutory authorities.

When a party has a change of address, the party must immediately inform the Court of the new address or risk the waiver of his right to present arguments, or dismissal of his case.

The Clerk of Court shall forward a copy of the petition and this order to the respondent, the Attorney General of the United States, and to the Office of the United States Attorney, Northern District of Ohio. The Clerk shall also forward a copy of this order to the petitioner.

**IT IS SO ORDERED**.

Dated: March 30, 2016

                                                    **HONORABLE SARA LIOI**
                                                    **UNITED STATES DISTRICT JUDGE**