UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IVORY POWELL, | ) | CASE NO. 4:15-cv-408 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| R. HANSON, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court are two motions by respondent R. Hanson ("respondent" or "Hanson"). The first is an answer in opposition to the petition of Ivory Powell ("Powell" or "petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1 ["Petition"]), combined with a motion for summary judgment on the merits of the petition. (Doc. No. 11 ["Ans. and MSJ"].) The second is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 12 ["MTD"].) For the reasons that follow, respondent's motion to dismiss is granted.

**A. Background**

In the petition, Powell argues that he is entitled to 47 days of jail and good time credit related to his transfer from state to federal custody that should be applied to his federal sentence. Hanson moved to dismiss,[1] but the Court found that respondent had not carried his burden to show that he was entitled to judgment as a matter of law and denied the motion without

---

[1] Respondent has filed two motions to dismiss in this case. The motion referenced here is the first motion to dismiss, which was previously denied. The motion now pending before the Court is the second motion to dismiss.

prejudice. (Doc. No. 9 ["MOO"].) The Court then ordered respondent to answer the petition, and established a reply date for petitioner. (*Id*. at 130.[2])

Respondent combined his answer to the petition with a motion for summary judgment. Petitioner's response was due on May 11, 2016, but he filed no response.

Petitioner was released from federal prison on July 22, 2016. (Doc. No. 12-1 (Declaration of Alisha Gallagher ["Gallagher Dec."]) ¶ 2.[3]) Hanson moved to dismiss for the second time, arguing that the petition is moot and the Court lacks subject matter jurisdiction because there is no longer an ongoing case or controversy with respect to petitioner's release date. (MTD at 253-54.) Powell did not respond to the motion.

**B. Discussion**

"Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Brock v. U.S. Dep't of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007) (citing *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). The "case or controversy" requirement "'subsists through all stages of federal judicial proceedings,' . . . it is not enough that a dispute was alive when [petitioner's] habeas corpus petition was filed in the district court. [The petitioner] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Id*. (internal citations omitted) (quoting *Lewis*, 494 U.S. at 477). "Because this Court's authority is dependent upon a live case or controversy, mootness is a jurisdictional question." *Raglin*, 2012 WL 113028, at *2 (citing *Lewis,* 494 U.S. at 477).

---

[2] All references to page numbers are to the page identification numbers generated by the Court's electronic filing system.

"Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief." *Brock*, 256 F. App'x at 750 (citing *Berger v. Cuyahoga Cnty. Bar Assoc.,* 983 F.2d 718, 721 (6th Cir. 1993)). Because Powell was released from federal custody, no actual injury remains concerning his release date that can be redressed by this Court. *Id*. ("Because Brock has already been placed in a [community corrections center], and was then released from custody, no actual injury remains which the Court could redress with a favorable decision in this appeal.") (citations omitted). Powell's release from federal custody renders his habeas petition moot. *Zomber v. Stine*, No. CIV A 7:07-402-DCR, 2008 WL 1735169, at *2 (E.D. Ky. Apr. 11, 2008) (prisoner's habeas petition challenging Bureau of Prisons policy regarding release of inmates to a residential reentry center ("RRC") was rendered moot when the prisoner was released to a RRC during the habeas proceedings) (citing *Brock*, 256 F. App'x at 750); *Winkle v. Shartle*, No. 309CV2561, 2010 WL 3835049, at *2 (N.D. Ohio Sept. 29, 2010) (habeas petition for transfer to a community corrections center ("CCC") rendered moot when, during pendency of habeas proceedings, prisoner was transferred to a CCC and subsequently released from custody). Moreover, "[a]s relates to habeas actions, a district court lacks jurisdiction over the petition if the petitioner is not in government custody; therefore, the individual's release from custody generally moots a habeas petition." *Khan v. Attorney Gen. of the United States*, No. 1:15 CV 2014, 2016 WL 4004616, at *2 (N.D. Ohio May 17, 2016), *report and recommendation adopted,* No. 1:15 CV 2014, 2016 WL 4009885 (N.D. Ohio July 25, 2016) (habeas petition rendered moot when petitioner was released from ICE's custody during pendency of habeas proceedings) (citing *Lane v. Williams*, 455 U.S. 624, 633, 102 S. Ct. 1322,

---

[3] The Court may take judicial notice of information on the Inmate Locator Service. *See Raglin v. Farley*, No. 4:11

71 L. Ed. 2d 508 (1982)).[4] The Court lacks jurisdiction over Powell's habeas petition because he has been released from federal custody.

Because petitioner is no longer in federal custody, the Court lacks jurisdiction over his habeas petition and, as no actual injury remains to be redressed by this Court, the petition is moot. Accordingly, respondent's motion to dismiss is granted.

**C. Conclusion**

For all of the foregoing reasons, respondent's motion to dismiss is granted. Because the Court has granted the motion to dismiss, the Court need not address respondent's motion for summary judgment. This case is closed.

**IT IS SO ORDERED**.


Dated: December 30, 2016

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**

---

CV2146, 2012 WL 113028, at *2 n.2 (N.D. Ohio Jan. 12, 2012) (citation omitted).

[4] The Court can retain jurisdiction if the petitioner can establish that his injury—detention—is "capable of repetition but evading review." *Khan*, 2016 WL 4004616, at *2 (quoting *Lane*, 455 U.S. at 632-33). In this case, petitioner has made no such claim.